IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

CHARLESTON DIVISION

| | | |
|---|---|---|
| IN RE: | ETHICON, INC., <br> PELVIC REPAIR SYSTEM <br> PRODUCTS LIABILITY LITIGATION | MDL. No. 2327 |

THIS DOCUMENT RELATES TO:
*Laffoon v. Ethicon, Inc., et al.*                                    Civil Action No. 2:12-cv-485

## ORDER

Before the court is a letter filed by the pro se plaintiff, Danni Laffoon. *See* Resp. to Mot. Summ. J. [ECF No. 62] ("Resp."). While the letter featured the plaintiff's response to the Motion for Summary Judgment [ECF No. 59] filed by the defendants, Ethicon Inc. and Johnson & Johnson, it also included the plaintiff's request for additional time for expert disclosure and to have her case removed from Wave 1. Because the court construed the letter as a motion to extend time and to remove her case from the trial wave, the court ordered briefing. The defendants responded to the plaintiff's requests, but the plaintiff failed to reply. Now that the deadlines for briefing have passed, the issues raised by the plaintiff in her letter are ripe for adjudication. To the extent the letter is a motion for an extension of time and to remove the plaintiff's case from Wave 1, it is **DENIED**.

I.

In her letter, the plaintiff asked the court for additional time for expert disclosure. The court construed this request as a motion to extend time under Rule 6(b)(1)(B) of the Federal Rules of Civil Procedure. And in response, the defendants argued the plaintiff failed to show she was entitled to an extension.

After a period of time expires, a party must show he or she "failed to act because of excusable neglect." Fed. R. Civ. P. 6(b)(1)(B). When deciding whether a party's neglect is excusable, a court "must examine 'the danger of prejudice to the [non-movant], the length of the delay and its potential impact on judicial proceedings, the reason for the delay, including whether it was within the reasonable control of the movant, and whether the movant acted in good faith.'" *J.D. ex rel. Davis v. Kanawha Cnty. Bd. of Educ.*, 517 F. Supp. 2d 822, 824 (S.D. W. Va. 2007) (alteration in original) (quoting *Thompson v. E.I. DuPont de Nemours & Co.*, 76 F.3d 530, 533 (4th Cir. 1996)). Most important among these factors is the reason for the delay. *Id.* And "inadvertence, ignorance of the rules, or mistakes construing the rules" do not justify delay. *Thompson*, 76 F.3d at 533 (quoting *Pioneer Inv. Servs. Co. v. Brunswick Assocs. Ltd. P'ship*, 507 U.S. 380, 392 (1993)).

The plaintiff's expert disclosures were due February 1, 2016, and the plaintiff did not file her letter until March, bringing her motion to extend time within the ambit of Rule 6(1)(B). The plaintiff explains that she missed the deadline because she did not understand what she was required to disclose:

> I thought in my ignorance that simply telling the defendant's counsel the name of my expert witness during my deposition was all I needed to

do. I was not trying to neglect my responsibilities nor was that ever my intention. I have every desire to retain legal counsel and proceed to trial.

Resp. 2. Simply put, this explanation shows a lack of excusable neglect. *See Thompson*, 76 F.3d at 533 (noting that a party's ignorance of the rules will not justify delay). Accordingly, the court **DENIES** the Response to the extent the court has construed it as a motion for an extension of time.

## II.

The plaintiff also asks the court to remove her case from Wave 1, prompting the court to construe the Response as a motion to remove her case from Wave 1. Again, the defendants asks the court to deny this request.

Generally, the court has only removed cases from waves with the consent of and at the request of both sides. Considering the thousands of cases in this MDL alone—only a fraction of the cases in all the MDLs concerning transvaginal mesh—the waves play an important role in moving this litigation forward. Removal is only justified in rare circumstances. Otherwise, the purpose of the waves would be upended.

While there may be very rare circumstances that would justify removing a case from its assigned wave, this case does not present those circumstances. Although the plaintiff has faced hardship, her circumstances are not so rare, so insurmountable that the court is compelled to remove her case from Wave 1. Accordingly, the court **DENIES** the Response to the extent the court has construed it as a motion to remove the plaintiff's case from Wave 1.

### III.

To the extent the court has construed the plaintiff's Response [ECF No. 62] as a motion for an extension of time and to remove the plaintiff's case from Wave 1, the court **DENIES** the Response.

The court directs the clerk to send a copy of this Order to counsel or record and any unrepresented party.

        ENTER:    May 6, 2016

_____
JOSEPH R. GOODWIN
UNITED STATES DISTRICT JUDGE