IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

CHARLESTON DIVISION

DANNI LAFFOON,

        Plaintiff,

v.                                        CIVIL ACTION NO. 2:12-cv-0485

ETHICON, INC., et al.,

        Defendants.

**MEMORANDUM OPINION AND ORDER**
*(Defendants' Motions for Summary Judgment)*

Pending before the court is the defendants' Motion for Summary Judgment [ECF No. 59] and defendants' Alternative Motion for Summary Judgment [ECF No. 69]. The plaintiff, proceeding *pro se*, opposed only the defendants' Motion for Summary Judgment. *See* Resp. [ECF No. 62]. She did not respond to the defendants' Alternative Motion for Summary Judgment. The matter is now ripe for adjudication. As set forth below, the defendants' Motion for Summary Judgment [ECF No. 59] is **DENIED as moot**, the defendants' Alternative Motion for Summary Judgment is **GRANTED** in its entirety and the plaintiff's claims against Ethicon are **DISMISSED with prejudice**.

I.    Background

This case resides in one of seven MDLs assigned to the court by the Judicial Panel on Multidistrict Litigation concerning the use of transvaginal surgical mesh to

treat pelvic organ prolapse ("POP") and stress urinary incontinence ("SUI"). In the seven MDLs, there are approximately 29,000 cases currently pending, approximately 17,000 of which are in the Ethicon, Inc. and Johnson & Johnson, Inc. ("Ethicon") MDL, MDL 2327. This individual case is one of a group of cases that the Clerk of the Court reassigned to me on November 22, 2016. [ECF No. 82].

Prior to reassignment, in an effort to efficiently and effectively manage this massive MDL, Judge Goodwin decided to conduct pretrial discovery and motions practice on an individualized basis so that once a case is trial-ready (that is, after the court has ruled on all summary judgment motions, among other things), it can then be promptly transferred or remanded to the appropriate district for trial. To this end, Judge Goodwin ordered the plaintiffs and defendants to submit a joint list of 200 of the oldest cases in the Ethicon MDL that name only Ethicon, Inc., Ethicon, LLC, and/or Johnson & Johnson. These cases became part of a "wave" of cases to be prepared for trial and, if necessary, remanded. *See* Pretrial Order No. 193, *In re Ethicon, Inc. Pelvic Repair Sys. Prods. Liab. Litig.*, No. 2:12-md-02327, Aug. 19, 2015, http://www.wvsd.uscourts.gov/MDL/ethicon/orders.html. The plaintiff's case was selected as a Wave 1 case.

## II. Legal Standards

### A. Summary Judgment

To obtain summary judgment, the moving party must show that there is no genuine dispute as to any material fact and that the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(a). In considering a motion for

summary judgment, the court will not "weigh the evidence and determine the truth of the matter." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 249 (1986). Instead, the court will draw any permissible inference from the underlying facts in the light most favorable to the nonmoving party. *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587–88 (1986).

Although the court will view all underlying facts and inferences in the light most favorable to the nonmoving party, the nonmoving party nonetheless must offer some "concrete evidence from which a reasonable juror could return a verdict" in his or her favor. *Anderson*, 477 U.S. at 256. Summary judgment is appropriate when the nonmoving party has the burden of proof on an essential element of his or her case and does not make, after adequate time for discovery, a showing sufficient to establish that element. *Celotex Corp. v. Catrett*, 477 U.S. 317, 322–23 (1986). The nonmoving party must satisfy this burden of proof by offering more than a mere "scintilla of evidence" in support of his or her position. *Anderson*, 477 U.S. at 252. Likewise, conclusory allegations or unsupported speculation, without more, are insufficient to preclude the granting of a summary judgment motion. *See Dash v. Mayweather*, 731 F.3d 303, 311 (4th Cir. 2013); *Stone v. Liberty Mut. Ins. Co.*, 105 F.3d 188, 191 (4th Cir. 1997).

Despite being given a chance to do so, the plaintiff failed to respond to the defendants' Alternative Motion for Summary Judgment [ECF No. 69], and the court, accordingly, considers the Motion unopposed. A court does not, however,

3

automatically grant an unopposed motion for summary judgment. *See* Fed. R. Civ. P. 56(e).

> [I]n considering a motion for summary judgment, the district court "*must* review the motion, even if unopposed, and determine from what it has before it whether the moving party is entitled to summary judgment as a matter of law." *Custer v. Pan Am. Life Ins. Co.*, 12 F.3d 410, 416 (4th Cir.1993) (emphasis added). "Although the failure of a party to respond to a summary judgment motion may leave uncontroverted those facts established by the motion," the district court must still proceed with the facts it has before it and determine whether the moving party is entitled to judgment as a matter of law based on those uncontroverted facts. *Id.*

*Robinson v. Wix Filtration Corp. LLC*, 599 F.3d 403, 409 n.8 (4th Cir. 2010).

B. Choice of Law

Under 28 U.S.C. § 1407, this court has authority to rule on pretrial motions in MDL cases. The choice of law for these pretrial motions depends on whether they concern federal or state law:

> When analyzing questions of federal law, the transferee court should apply the law of the circuit in which it is located. When considering questions of state law, however, the transferee court must apply the state law that would have applied to the individual cases had they not been transferred for consolidation.

*In re Temporomandibular Joint (TMJ) Implants Prods. Liab. Litig.*, 97 F.3d 1050, 1055 (8th Cir. 1996) (citations omitted). To determine the applicable state law for a dispositive motion, the court generally refers to the choice-of-law rules of the jurisdiction where the plaintiff first filed her claim. *See In re Air Disaster at Ramstein*

*Air Base, Ger.*, 81 F.3d 570, 576 (5th Cir. 1996) ("Where a transferee court presides over several diversity actions consolidated under the multidistrict rules, the choice of law rules of each jurisdiction in which the transferred actions were originally filed must be applied."); *In re Air Crash Disaster Near Chi., Ill.*, 644 F.2d 594, 610 (7th Cir. 1981); *In re Digitek Prods. Liab. Litig.*, MDL No. 2:08-md-01968, 2010 WL 2102330, at *7 (S.D. W. Va. May 25, 2010).

This case was originally filed in the Western District of Kentucky. Therefore, I use Kentucky's choice-of-law rules to determine which state's law to apply to this case. Kentucky courts apply a "significant contacts" test for tort claims. *See Foster v. Leggett*, 484 S.W.2d 827, 829 (Ky. 1972). Under this rule, "significant contacts—not necessarily the most significant contacts" permit the application of Kentucky law. *Id.* Moreover, "any significant contact with Kentucky [i]s sufficient to allow Kentucky law to be applied." *Bonnlander v. Leader Nat. Ins. Co.*, 949 S.W.2d 618, 620 (Ky. 1996); *see also Brewster v. Colgate–Palmolive Co.*, 279 S.W.3d 142, 145 n.8 (Ky. 2009) (finding "significant contacts" with Kentucky and applying Kentucky law even though the plaintiff was exposed to asbestos when he worked at the defendant's Indiana plant). Here, the plaintiff is a resident of Kentucky and was a Kentucky resident at the time of implantation. Thus, I **FIND** that Kentucky has significant contacts with the case, and I apply Kentucky law.

## III. Discussion

In Ethicon's Alternative Motion for Summary Judgment [ECF No. 69], Ethicon argues it is entitled to summary judgment because the plaintiff's claims are either barred by the statute of limitations or without evidentiary or legal support.

### A. Negligence and Strict Liability

Kentucky applies a one-year statute of limitations for products liability actions. *Bosch v. Bayer Healthcare Pharm., Inc.*, 13 F. Supp. 3d 730, 737 (W.D. Ky. 2014) (citing Ky. Rev. Stat. Ann. § 413.140(1)(a)). Kentucky has adopted the discovery rule "in cases where the fact of injury or offending instrumentality is not immediately evident or discoverable with the exercise of reasonable diligence." *Fluke Corp. v. LeMaster*, 306 S.W.3d 55, 60 (Ky. 2010). "In the products liability context, a potential plaintiff's awareness of an injury and of the instrumentality causing the injury is enough to trigger the limitations clock and to impose on the plaintiff the duty to discover the responsible parties." *Id.* at 64 (quoting *Reese v. Gen. Am. Door Co.*, 6 S.W.3d 380, 383 (Ky. Ct. App. 1998)).

Here, at the very latest, Ms. Laffoon was aware of the injury and of the instrumentality causing the injury in June of 2010 when she asked her treating physician who manufactured the TVT device, informed her physician she had hired a lawyer, and told her physician that "she wondered if her pain was due to the sling." *See* Mot. Summ. J. Ex. A, at 66:5–23, 67:1–3, 67:13–16, 67:20–21, 68:1–2 [ECF No. 69-1] ("Dr. Ward Dep."). Thereafter, she wrote Ethicon a letter detailing her concerns

6

and problems related to the TVT device in July 18, 2010. Mot. Summ. J. Ex. C, at 9:2–10:7, 86:8–87:17 [ECF No. 69-3]; Mot. Summ. J. Ex. D [ECF No. 69-4]. Ms. Laffoon filed her Complaint on January 4, 2012, almost eighteen months later. *See* Compl. [ECF No. 1]. Ms. Laffoon failed to bring her products liability claims within the one-year statute of limitations and the defendants are entitled to judgment as a matter of law on this matter. Accordingly, Ethicon's Alternative Motion for Summary Judgment [ECF No. 69] is **GRANTED** as to Counts I–V, X, and XIV.

### B. Breach of Warranty, Express and Implied

Ethicon argues that the plaintiff's breach of warranty claims must be dismissed because there is no privity of contract between the parties. For breach of warranty actions under Kentucky law, plaintiffs must be in privity with the defendant, either vertically or horizontally by virtue of Ky. Rev. Stat. Ann. § 355.2-318. *See Williams v. Fulmer*, 695 S.W.2d 411, 414 (Ky. 1985) (granting summary judgment to manufacturer because the plaintiff was not in privity with the manufacturer or within the class protected under Ky. Rev. Stat. Ann. § 355.2-318); *Gaunce v. CL Med. Inc.*, No. 5:14-346-DCR, 2015 WL 893569, at *2 (E.D. Ky. March 2, 2015) ("Under Kentucky law, privity of contract is an essential element of a claim for breach of warranty."); *see also* Ky. Rev. Stat. Ann. § 355.2-318 (extending privity to any person "who is in the family or household of his buyer or who is a guest in his home if it is reasonable to expect that such person may use, consume or be affected by the goods and who is injured in person by breach of the warranty"). "As a rule,

7

privity of contract does not extend beyond the buyer-seller setting, and an intervening purchaser destroys privity." *Gaunce*, 2015 WL 893569, at *2 (citing *Compex Int'l Co. v. Taylor*, 209 S.W.3d 462, 465 (Ky. 2007)). In this circumstance, Ms. Laffoon has not alleged any facts to dispute Ethicon's argument that she was not in privity with Ethicon. Accordingly, Ms. Laffoon was not in privity with Ethicon. *See Compex*, 209 S.W.3d at 465 (finding no privity between the buyer and the manufacturer where the buyer bought from an intermediary); *see also Munn v. Pfizer Hosp. Prods. Grp.*, 70 F. Supp. 244, 248 (W.D. Ky. 1990); *Snawder v. Cohen*, 749 F. Supp. 1473, 1481 (W.D. Ky. 1990). Further, Ms. Laffoon is not encompassed by § 355.2-318. Thus, no genuine issue of material fact remains on Counts XI and XII and the defendants are entitled to judgment as a matter of law. Ethicon's Alternative Motion for Summary Judgment [ECF No. 69] is **GRANTED** as to Counts XI and XII.

### C. Remaining Claims

Ethicon argues that it is entitled to summary judgment on the remaining substantive claims because the plaintiff cannot meet her evidentiary burden. Because the plaintiff has not responded, she has not put forward even a mere "scintilla of evidence" supporting these claims. Accordingly, the facts are undisputed and the court **FINDS** that Ethicon is entitled to judgment as a matter of law on the remaining claims and **GRANTS** Ethicon's Alternative Motion for Summary Judgment [ECF No. 69] as to Counts VI–IX, XIII, and XV.

Because summary judgment has been granted on all substantive theories of liability, the plaintiffs' remaining claims must also be dismissed, as they are either derivative of the substantive claims or not themselves independent causes of action. *Blackwell v. Ethicon, Inc.*, No. 2:12-cv-03155, 2017 WL 2884531, at *3 (S.D. W. Va. July 6, 2017). Accordingly, summary judgment as to Count XVII (Punitive Damages) and Count XVIII (Discovery Rule and Tolling) is **GRANTED**.

## IV. Conclusion

For the reasons discussed above, the court hereby **ORDERS** that Ethicon's Alternative Motion for Summary Judgment [ECF No. 69] is **GRANTED** in its entirety and the plaintiff's claims against Ethicon are **DISMISSED with prejudice**. Accordingly, Ethicon's Motion for Summary Judgment [ECF No. 59], Ethicon's Omnibus Motion [ECF No. 75], and Ethicon's Motion in Limine [ECF No. 77] are **DENIED as moot**.

The Court **DIRECTS** the Clerk to send a copy of this Order to counsel of record and any unrepresented party.

ENTER: December 13, 2017

ROBERT C. CHAMBERS
UNITED STATES DISTRICT JUDGE